UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUES BUTLER,<br><br>          Plaintiff,<br><br>     v.<br><br>R. DAY, et al.,<br><br>          Defendants. | Case No.: 1:20-cv-01650-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT C. ALCALA SHOULD NOT BE DISMISSED PURSUANT TO RULE 4<br><br>(ECF No. 26) |

Plaintiff Marques Butler is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is proceeding on Plaintiff's first amended complaint, filed on June 9, 2021 (ECF No. 15) against Defendant R. Day for excessive force, against Defendants C. Alcala and J. Aguire for failing to intervene in the use of force, and against Defendants R. Day, C. Alcala, J. Aguire, J. Barkhurst, and P. Perez for deliberate indifference to a serious medical need.

On July 27, 2021, the Court issued an order directing E-service of the complaint on Defendants Day, Alcala, Acquire, Barkhurst, and Perez. (ECF No. 17.) On September 30, 2021, waivers of service were returned executed by Defendants Day and Barkhurst. (ECF No. 23.) On October 15, 2021, waivers of service were returned executed by Defendants Acquire and Perez. (ECF No. 24.)

1

On October 15, 2021, the United States Marshal ("Marshal") filed a return of service unexecuted for Defendant C. Alcala. (ECF No. 26.)

Pursuant to Federal Rule of Civil Procedure 4:

If a defendant is not served within 90 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....' " Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

The return of service filed by the Marshal on October 15, 2021, indicates that on October 15, 2021, personal serve was attempted on Defendant Alcala but could not be accomplished because Alcala no longer lives at the address provided. (ECF No. 26.) Therefore, the Marshal returned process unexecuted for Defendants Alcala. (ECF No. 26.)

Pursuant to Rule 4(m), the court will provide Plaintiff with an opportunity to show cause why Defendant Alcala should not be dismissed from this action for failure to serve process. Plaintiff has not provided sufficient information to identify and locate Defendants Alcala for service of process. If Plaintiff is unable to provide the Marshal with additional information, Defendant Alcala shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendants C. Alcala should not be dismissed from this action pursuant to Rule 4(m); and

2. Plaintiff's failure to respond to this order will result in a recommendation that Defendant Alcala be dismissed from the action, without prejudice.

IT IS SO ORDERED.

Dated: __**October 18, 2021**__

UNITED STATES MAGISTRATE JUDGE