UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUES BUTLER,<br><br>            Plaintiff,<br><br>    v.<br><br>R. DAY, et al.,<br><br>            Defendants. | Case No.: 1:20-cv-01650-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT ALCALA<br><br>(ECF No. 27) |

Plaintiff Marques Butler is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 27, 2021, the Court issued an order directing E-service of the complaint on Defendants Day, Alcala, Acquire, Barkhurst, and Perez. (ECF No. 17.)

On October 12, 2021, pursuant to the E-Service pilot program for civil rights cases in the Eastern District of California, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive personal service on Defendant Alcala because she could not be contacted. (ECF No. 25.) Therefore, service was forwarded to the United States Marshals Service.

On October 15, 2021, the United States Marshal returned the USM-285 forms for Defendant Crystal Alcala as unexecuted with a notation that personal service was attempted but Alcala no longer lives at the address provided and no forwarding address was available. (ECF No. 26.)

1

On October 18, 2021, the Court issued an order directing Plaintiff to provide further information to serve Defendant Alcala.  (ECF No. 27.)  Plaintiff has failed to respond to the Court's October 18, 2021 order and the time to do so has expired.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Id. (internal quotations and citation omitted).  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Id. at 1421-22.

Here, the United States Marshal could not serve Defendant Crystal Alcala without further identifying information, and Plaintiff failed to respond to the order to provide further information to assist the Marshal.

Accordingly, it is  HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Defendant Crystal Alcala be dismissed from the action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 29, 2021**

UNITED STATES MAGISTRATE JUDGE

3