# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUES BUTLER,<br><br>              Plaintiff,<br><br>       v.<br><br>R. DAY, et al.,<br><br>              Defendants. | Case No.: 1:20-cv-01650-JLT-SAB (PC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' EXHAUSTION MOTION FOR SUMMARY JUDGMENT, AND ORDER GRANTING DEFENDANTS' REQUEST TO STAY MERITS BASED DISCOVERY**<br><br>(ECF No. 29) |

Plaintiff Marques Butler is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' exhaustion motion for summary judgment, filed October 28, 2021.

## I.
## RELEVANT BACKGROUND

This case proceeds against Defendant R. Day for excessive force, against Defendant J. Aguire for failing to intervene in the use of force, and against Defendants R. Day, J. Aguire, J. Barkhurst, and P. Perez for deliberate indifference to a serious medical need.

On October 28, 2021, Defendants filed an answer to the complaint and a separate exhaustion motion for summary judgment. (ECF Nos. 28, 29.) In their motion for summary judgment,

1

Defendants also request that the Court stay all merits based discovery pending resolution of the exhaustion issue.  (ECF No. 29.)

On October 29, 2021, the Court issued the discovery and scheduling order.  (ECF No. 30.)

Plaintiff did not file an opposition to Defendants' motion for summary judgment and the time has now passed.[1]  Local Rule 230(l).  Accordingly, Defendants' motion for summary judgment is deemed submitted for review.  Id.

## II.

## LEGAL STANDARD

### A.    Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory unless unavailable.  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'"  Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation omitted).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings." Id. at 90-91.  "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Jones v. Bock, 549 U.S. 199, 218 (2007).  "The obligation to

---

[1] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

2

exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The failure to exhaust is an affirmative defense, and the defendant or defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendant or defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. Id.

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at c1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). "The evidence must be viewed in the light most favorable to the nonmoving party." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2014).

Initially, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendant meets that burden, the burden of production then shifts to the plaintiff to "come forward

with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, the ultimate burden of proof on the issue of administrative exhaustion remains with the defendant. Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A.   Summary of CDCR's Administrative Appeal Process[2]

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for a non-medical appeal or grievance by following the procedures set forth in California Code of Regulations, title 15, §§ 3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602 and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide

---

[2] On March 25, 2020, the grievance procedure outlined in § 3084.1, *et seq.*, was repealed effective June 1, 2020, as an emergency by the CDCR pursuant to Penal Code § 5058.3. See CCR, tit. 15, § 3084.1, ¶ 13 (June 26, 2020). However, there is no dispute that the events alleged in the complaint took place before the repeal took effect.

any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-step administrative review process: (1) the first level of review; (2) the second level appeal to the Warden of the prison or their designee; and (3) the third level appeal to the Secretary of CDCR, which is conducted by the Secretary's designated representative under the supervision of the third level Appeals Chief. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d). Unless the inmate grievance deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR Form 602 and all supporting documentation to each the three levels of review within 30 calendar days of the occurrence of the event or decision being appealed, of the inmate first discovering the action or decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a submitted administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2), 3084.8(b). When an inmate submits an administrative appeal at any of the three levels of review, the reviewer is required to reject the appeal, cancel the appeal, or issue a decision on the merits of the appeal within the applicable time limits. Cal. Code Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e). If an inmate's administrative appeal is rejected, the inmate is to be provided clear instructions about how to cure the appeal's defects. Cal. Code Regs. tit. 15, §§ 3084.5(b)(3), 3084.6(a)(1). If an inmate's administrative appeal is cancelled, the inmate can separately appeal the cancellation decision. Cal. Code Regs. tit. 15, § 3084.6(a)(3) & (e).

**B.      Summary of Relevant Factual Allegations**

On or about August 28, 2017, at approximately 5:30 p.m., while housed at California State Prison, Corcoran, Plaintiff's cell door was opened by control booth officer Defendant Aguirre. Plaintiff walked to the control booth area where Defendant Duty was standing and informed the officers that he needed to go medical because he was experiencing shortness of breath, dizziness and blurred vision and felt faint.

Defendant Aguirre stated, "that's not my problem and walked away from plaintiff." Defendant Day stated, "I[']m not calling medical [I'm] doing chow so you need to go and lock down in your

5

cell." Plaintiff told Defendants Aguirre and Day, "I need medical attention because it was feeling like I was going to have another seizure." Defendant Day replied, "Either you go to your cell an[d] lock it up, as a matter of fact go to the shower." Plaintiff then realized he was not going to be given medical attention, he walked over to his cell closed the door and grabbed his shower bag and proceeded to walk to the shower where he was ordered to go. Defendant Day began walking over to the shower in and stepped in front of Plaintiff and stopped him from going into the shower.

Defendant Day told Plaintiff "I didn't say you can take a shower. I was telling you to go lock yourself in the shower, drop your shower bag now!" Plaintiff complied with Day's order and released his belongings on the floor. Defendant Day ordered Plaintiff to place his hands behind his back to be placed into handcuffs and Plaintiff complied, while Defendant Aguirre observed.

Once Day placed Plaintiff in handcuffs, Day forcefully grabbed Plaintiff by his arm and shoved him with excessive force into the shower and slammed the door securing the lock. After about two to three minutes, Plaintiff realized that Defendants did not make any effort to call or seek medical attention for Plaintiff. Plaintiff began to call out "man down," as a medical emergency. Minutes later, Defendant Barkhurst was passing out medication and Plaintiff advised her that he was feeling symptoms of a seizure and was in need of emergency medical attention. Plaintiff's cellmate later advised Defendant Barkhurst that Plaintiff did suffer seizures. Defendant Barkhurst left the building and never addressed Plaintiff's complaint.

After being denied medical attention by all Defendants, Plaintiff began to have a seizure inside of the locked shower while still handcuffed behind his back while Defendants stood by and called sergeant Perez. After Defendant Perez arrived at the scene, Defendants Day and Aguirre informed Perez of the situation while Plaintiff remained inside the shower having a seizure. Defendant Perez called for the medical emergency team to assist Plaintiff. It was immediately determined that Plaintiff should be transferred to an outside hospital.

On Tuesday, September 26, 2017, Defendant Perez conducted an interview with Plaintiff in regard to administrative appeal log number CSPC-4-17-04644. Defendant Perez and his staff knowingly deprived Plaintiff of adequate medical and mental health treatment.

**C.     Statement of Undisputed Facts[3]**

1.     Plaintiff was a California prisoner at California State Prison, Corcoran when he filed this action on November 20, 2020.  (ECF Nos. 1, 15.)

2.     Appeal Log number COR-17-04644 was received on September 5, 2017.  (Declaration of J. Mendez (Decl. Mendez), Ex. B.)

3.     Appeal Log number COR-17-04644 included allegations regarding Plaintiff's deliberate indifference claim against Defendants Aguirre, Day, and Barkhurst (although she was no identified by name).  (Decl. Mendez, Ex. B; see also ECF No. 15, p. 14 ¶ 33.)

4.     Appeal Log number COR-17-04644 did not include excessive force or failure to protect allegations, did not include any allegation that Defendant Perez was deliberately indifferent, and did not identify Defendant Perez.  (Decl. Mendez, Ex. B.)

5.     Other than Appeal Log number COR-17-04644, Plaintiff did not submit any other appeals that were accepted for review regarding the allegations in this lawsuit.  (Decl. Mendez ¶ 5, Exs. A-G.)

6.     Plaintiff was dissatisfied with the institutional level response to Appeal Log number COR-17-04644, including the institutions failure to refer the matter to Internal Affairs as requested, so he appealed to the third level.  (Declaration of Howard E. Moseley (Decl. Moseley), Ex. B.)

7.     Appeal Log number COR-17-04644 was cancelled at the third level of review as untimely.  (Decl. Moseley ¶ 6, Exs. A, B)

8.     The cancelation notice of Appeal Log number COR-17-04644 informed Plaintiff:

> "Once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.  You have 30 calendar days to appeal the cancellation.  Time constraints begin from the date of the screen out form which cancelled your appeal."

(Decl. Moseley, Ex. B.)

9.     Plaintiff did not submit any appeals accepted for review appealing the third level

---

[3] Hereinafter referred to as "UF."

7

cancelation of Appeal Log number COR-17-04644.  (Decl. Mendez ¶ 5, Exc. A-G; Decl. Moseley ¶ 6, Ex. A.)

### D.     Analysis of Defendants' Motion

Defendants argue that Plaintiff failed to exhaust the administrative remedies because the only grievance filed regarding the allegations in the lawsuit did not include Plaintiff's excessive force or failure to protect allegations, did not include any allegations that Defendant Perez was deliberately indifferent, and did not identify Defendant Perez.  Furthermore, the appeal was cancelled at the third level of review.

In his verified first amended complaint, in response to the question whether there is an inmate appeal or administrative remedy process available at his institution, Plaintiff checked the box "no."[4] (ECF No. 15 at 2.)  In response to whether Plaintiff filed an administrative appeal or grievance concerning all the facts in the complaint and whether the process was complete, Plaintiff checked the box "yes."  (Id.)

Although it appears Plaintiff contends the administrative procedure process was not available to him at the institution of confinement, Defendants have submitted evidence in the form of sworn declarations and supporting documents showing that CDCR had an administrative grievance process available at the time of the incident that involved submission of a standardized grievance form and three levels of review.  (ECF No. 29-4; ECF No. 29-5.)  Therefore, the Court finds that Defendants have met their initial burden of showing that an administrative procedure process was available to Plaintiff.  Albino, 747 F.3d at 1172.  Accordingly, the only issue to be determined is whether Plaintiff properly filed a grievance with regard to all the claims against Defendants in this action.  It is undisputed that the only appeal Plaintiff filed regarding the allegations relevant to this action was

---

[4] See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (a verified complaint and may serve as an opposing affidavit under Rule 56 as long as its allegations arise from personal knowledge and contain specific facts admissible into evidence); Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995) (accepting the verified complaint as an opposing affidavit because the plaintiff "demonstrated his personal knowledge by citing two specific instances where correctional staff members ... made statements from which a jury could reasonably infer a retaliatory motive"); McElyea v. Babbitt, 833 F.2d 196, 197–98 (9th Cir. 1987); see also El Bey v. Roop, 530 F.3d 407, 414 (6th Cir. 2008) (Court reversed the district court's grant of summary judgment because it "fail[ed] to account for the fact that El Bey signed his complaint under penalty of perjury pursuant to 28 U.S.C. § 1746. His verified complaint therefore carries the same weight as would an affidavit for the purposes of summary judgment.").

Appeal Log number COR-17-04644.  (UF 3, 5.)  However, that appeal did not include Plaintiff's excessive force or failure to protect allegations, did not include any allegation that Defendant Perez was deliberately indifference, and did not identify Defendant Perez by name.  (UF 4.)  In addition, and of significance, it is undisputed that Appeal Log number COR-17-04644 was cancelled as untimely at the third level of review and Plaintiff did not appeal the cancellation, despite the specific advisement that he could do so.  (UF 8, 9.)  Consequently, Plaintiff failed to exhaust his claims against Defendants prior to filing this action, and Defendants' motion for summary judgment should be granted.  In light of this finding, Defendants request to stay all merits based discovery should be granted.  See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that Defendants' motion to stay all merits based discovery is GRANTED.

Further, it is HEREBY RECOMMENDED that Defendants' exhaustion motion for summary judgment be granted, and the action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 28, 2022**

UNITED STATES MAGISTRATE JUDGE